UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE,

    Plaintiff,

v.                                        CASE NO: 8:11-cv-1169-T-23AEP

SUNTRUST MORTGAGE INC, et al.,

    Defendants.
_____/

**ORDER**

The pro se plaintiff sues (Doc. 1) the defendants SunTrust Mortgage, Inc. ("SunTrust"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Johnson and Freedman, LLC ("Johnson"). The plaintiff appears to allege (1) violations of various federal consumer protection statutes against all defendants; (2) "violations of right to rescind" against SunTrust; (3) violations of "truth in lending" against SunTrust "or other undisclosed lender;" (4) violations of various Georgia foreclosure laws against unidentified defendants; and (5) "wrongful foreclosure" against unidentified defendants. Suntrust, MERS, and Johnson move (Doc. 8, 9) to dismiss. The plaintiff responds (Doc. 20) in opposition.

Discussion

A pleading drafted by a pro se party is interpreted under less stringent standards than a pleading drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "[e]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists only with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. A complaint must contain sufficient allegations concerning all the material elements necessary to recover under a viable legal theory. Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007). Accordingly, Rule 8(a)(2) entitles a defendant to "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). If alleging fraud, the plaintiff must state "with particularity the circumstances constituting fraud or mistake." Rule 9(b), Federal Rules of Civil Procedure (emphasis added).

Additionally, a complaint must contain a short, plain statement of each claim, and the plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b), Federal Rules of Civil Procedure. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Rule 10(b), Federal Rules of Civil Procedure. Separate counts are required if necessary to allow the court to understand the claims. Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Comm. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996).

Creating a perplexing collage of factual statements, legal doctrines, and requests for relief, the complaint lacks coherent organization and groups disparate claims into the same count. Many of the counts include citations of legal authority but omit necessary factual allegation. Often, the complaint alludes without explanation to an action by the collective "defendants," instead of identifying each defendant's particular action. (Outside the jurisdictional allegations, the complaint vaguely mentions Johnson only twice (Doc. 1, ¶¶ 16, 18) and MERS only once. (Doc.1, ¶ 31)) In sum, the complaint violates Rules 8, 9, and 10, Federal Rules of Civil Procedure, and fails to permit a determination of whether the plaintiff states a claim upon which relief can be granted.

Conclusion

On or before **SEPTEMBER 16, 2011**, the plaintiff may submit an amended complaint. Despite his pro se status, the plaintiff must comply with the Federal Rules of Civil Procedure. In addition to the deficiencies noted above, the amended complaint must contain allegation of fact – not mere conclusion – in support of each claim. See

- 3 -

Ashcroft v. Iqbal, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).  The plaintiff is cautioned that failure to amend the complaint will result in dismissal without further notice.

ORDERED in Tampa, Florida, on September 6, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE